**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

TRISHA BAER,                                      )
                                                  )
                        *Petitioner*,             )
                                                  )
        v.                                        )
                                                  )    No. 1:25-cv-774 (PTG/LRV)
                                                  )
CYBERDATA TECHNOLOGIES                            )
                                                  )
                        *Defendant.*              )
                                                  )
                                                  )
                                                  )

## ORDER

This matter comes before the Court on *pro se* Plaintiff Trisha Baer's ("Plaintiff") Objection to the Magistrate Judge's Order (Dkt. 40). On June 20, 2025, Magistrate Judge Lindsey R. Vaala entered an Order denying Plaintiff's Motion for Sanctions (Dkt. 6), Motion for Leave to File Electronically (Dkt. 8) and Motion for Leave to Conduct Early Discovery Prior to the Time Specified in Rule 26(D) (Dkt. 20). Dkt. 29. Judge Vaala also denied Plaintiff's Motion for Alternative Service (Dkt. 7) as moot, and denied Plaintiff's Motion for Leave to Appear Remotely at Non-Evidentiary Pretrial Hearings and Conferences (Dkt. 11) without prejudice. *Id.* Plaintiff's objections center on Judge Vaala's purported "refus[al] to consider Plaintiff's timely filed reply and supporting exhibits . . . ." Dkt. 40 at 1.

Federal Rule of Civil Procedure 72(a) provides that magistrate judges can decide non-dispositive matters, including discovery issues. *Zeng v. Elec. Data Sys. Corp.*, No. 1:07-CV-310, 2007 WL 2713905, at *3 (E.D. Va. Sept. 13, 2007). "As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the clearly erroneous or contrary to law

standard of review." *Id.* "Pursuant to the clearly erroneous standard of review, the magistrate judge's order must be affirmed unless after review of the entire record, 'the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 305 (E.D. Va. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Judge Vaala's June 20, 2025 Order is neither clearly erroneous nor contrary to law. Contrary to Plaintiff's assertion, Judge Vaala did not "refuse[] to consider Plaintiff's timely reply and supporting exhibits" because it had been mislabeled a sur-reply. Dkt. 40 at 2-3; *see* Dkt. 22. Nor did Judge Vaala fail to consider Plaintiff's filing and exhibits. Plaintiff filed a five-page Motion for Leave to File a Sur-reply and Notice of Filing Exhibits, which contained arguments along with Exhibits A-G in support. Dkt. 22. Judge Vaala considered and addressed these arguments, as indicated by Judge Vaala's quoting directly from Plaintiff's filing (Dkt. 22) in the Order. *See* Dkt. 29 at 2. The June 20, 2025 Order simply—and accurately—stated that "Plaintiff did not need to request the Court's leave to file a sur-reply because as of the filing of Plaintiff's motion, Plaintiff had not filed a reply to Defendant's opposition." Dkt. 29 at 5. Procedurally speaking, that is correct as there was no *reply* to which to file a *sur-reply*. Accordingly, Plaintiff's Motion for Leave to File Limited Sur-Reply was properly denied "as moot" although the arguments and evidence were fully considered. *Id.* at 6. This is not an error.

Moreover, the exhibits attached to Plaintiff's Motion for Leave to File Limited Sur-Reply do not establish any basis for reversing Judge Vaala's June 20, 2025 Order. Each of the attached exhibits pertain to Plaintiff's Motion for Sanctions (Dkt. 6), regarding Defendant's purported evasion of service. *See* Dkt. 22-1 thru 22-9. As the Order notes, Rule 11 sanctions are only available for conduct and representations related to a "pleading, written motion, or other paper."

*Id.* at 3 (quoting Fed. R. Civ. P. 11(b)(1)).  In this case, Plaintiff sought sanctions for conduct not contemplated under Rule 11.  *See* Dkt. 6.  Likewise, the Court does not find any clear error in Judge Vaala's determination that the conduct at issue here—Defendant's failure to consult with Plaintiff's process server to arrange a time for service and failure to respond to an email—did not constitute evasion of service.  In any event, Judge Vaala correctly noted that Defendant was under no obligation to confer with the process server.  Thus, there was no sanctionable conduct here.  Moreover, there was no clear prejudice to Plaintiff as service of process was ultimately effected.  *See* Dkt. 9.

Plaintiff's remaining objections are also unavailing.  CM/ECF privileges are not extended to *pro se* litigants in this Court, whether they live locally or not.  Plaintiff's dissatisfaction with e-noticing does not raise the denial of CM/ECF access to the level of an abuse of discretion.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Objections are **OVERRULED** and Judge Vaala's June 20, 2025 Order (Dkt. 29) is **AFFIRMED**.

The Clerk is directed to send Plaintiff, who is proceeding *pro se*, a copy of this Order.


Entered this 17 day of March, 2026.
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

3