UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

|  |  |
|---|---|
| TRISHA BAER <br> (Plaintiff) <br><br> -v- <br><br> CYBERDATA TECHNOLOGIES INC. <br> (Defendant) | ) ) ) ) ) ) ) ) ) **Civil Action No.**  1:25-cv-774-PTG-LRV |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO QUASH OR, ALTERNATIVELY, STRICTLY MODIFY DEFENDANT'S SUBPOENA TO DARK WOLF SOLUTIONS, LLC, FOR PROTECTIVE ORDER, AND TO TEMPORARILY STAY COMPLIANCE**

**IMMEDIATE INTERIM RELIEF AND DECISION ON THE PAPERS REQUESTED**

**PRELIMINARY STATEMENT**

Defendant served a one-paragraph subpoena demanding a wholesale collection of Plaintiff's private employment records from nonparty Dark Wolf Solutions, LLC. Dark Wolf was formally served on July 16, 2026, and the subpoena commands production on August 3—eighteen calendar days later—of Plaintiff's entire personnel file, approximately two years of payroll and timekeeping source records, and every document sent to or received from Plaintiff concerning CyberData. Two

1

categories have no date limitation, and none is limited by a stated claim, defense, factual issue, custodian, document type, or defined subject.

The central defect is not merely breadth. Defendant has not identified the claim or defense to which the requested categories relate, the factual proposition they are expected to establish, the reason for the selected period, or why source-level nonparty records are required. Plaintiff does not attribute an undisclosed purpose to Defendant and does not ask the Court to invent one. The subpoena should be evaluated on the record Defendant actually made.

Defendant's discovery responses do not supply a particularized claim-or-defense nexus for the subpoena's breadth. When Plaintiff asked Defendant to state the complete factual basis and identify the nonprivileged documents and witnesses supporting each affirmative defense, denial, and contention, Defendant answered only: 'See prior and subsequent interrogatory responses and documents to be produced in discovery.' Ex. 3, Def.'s Resp. to Interrog. No. 18. Neither that answer nor Defendant's other discovery responses identifies which maintained claim, defense, denial, or contention—if any—is supported by the Dark Wolf categories demanded.

The Eastern District of Virginia has quashed materially similar employer-record subpoenas. In Singletary v. Sterling Transport Co., 289 F.R.D. 237, 239-43 (E.D. Va. 2012), the court recognized the employee's personal right in employment records, quashed demands for complete employment files, and required leave before any renewed employer subpoena. The same protection is warranted here. At minimum, no production should occur unless Defendant first makes a particularized showing and the response is reduced to a neutral certification or documents sufficient to establish only a Court-identified fact.

Interim relief is essential. Defendant gave Plaintiff notice on July 15, Dark Wolf was formally served the next morning, and production is commanded for August 3. Plaintiff requested withdrawal on July 17, obtained Defendant's refusal on July 20, requested the required telephone conference on July 22, and completed that conference on July 27 after defense counsel advised he was unavailable for Plaintiff's July 23 proposal. Under the paper schedule in the Scheduling Order, ordinary briefing could consume the remaining time. Dkt. No. 74 ¶ 15(e). The Court should preserve the status quo, order shortened briefing, and decide the Motion on the papers.

**BACKGROUND**

### A. *The subpoena demands broad private employment records from a nonparty.*

On July 15, 2026, Defendant provided Plaintiff notice of the subpoena. Dark Wolf was formally served on July 16, 2026 at 9:13 a.m. through its records custodian. Dkt. No. 80. The subpoena commands production at Defendant's counsel's Vienna, Virginia office on August 3, 2026 at 10:00 a.m., eighteen calendar days after service. Ex. 1. In one paragraph, it demands:

"ALL personnel files" of Plaintiff; all timesheets from March 2023 through March 2025; all paycheck information for the same period; and all documentation sent to or received from Plaintiff concerning CyberData Technologies, Inc.

The complete-file and CyberData-communications categories have no stated date limit. The subpoena contains no definitions, exclusions, custodian limits, subject limits, or protection for unrelated identifying, tax, banking, benefits, dependent, medical, leave, background, performance, disciplinary, customer, project, litigation-related, or other collateral information. It does not identify the claim or defense to which any category relates.

### B. Defendant has not articulated a claim-or-defense nexus for the requested categories.

The subpoena itself states no purpose. Defendant's July 20 correspondence refused withdrawal but did not identify a claim, defense, or disputed fact the categories were intended to address. Ex. 2. Plaintiff's Interrogatory No. 18 expressly asked Defendant to state the complete factual basis and identify the supporting documents and witnesses for each affirmative defense, denial, and contention. Defendant supplied only a general cross-reference to other responses and unidentified future documents. Ex. 3.

Defendant's disclosed explanation for the December 2024 time-entry changes concerns an asserted prior-approval requirement. See Ex. 3, Def.'s Resp. to Interrog. Nos. 2-3. Those answers do not identify a Dark Wolf record category or explain how any of the subpoena's sweeping demands bears on the asserted approval rule, its existence, its communication, or Defendant's treatment of the recorded hours. Plaintiff does not ask the Court to decide whether some later-articulated purpose might support some different request. The present subpoena must stand or fall on the present record.

### C. Defendant did not use the subpoena to fill a demonstrated gap after targeted party discovery.

Defendant also did not serve targeted party discovery asking Plaintiff to identify the particular Dark Wolf employment facts Defendant considered relevant, explain the factual nexus, or produce a neutral employment verification, limited compensation summary, or documents sufficient to establish a defined fact. The subpoena therefore was not a last resort after narrower sources proved inadequate; it was the first targeted demand for the broad categories now at issue.

4

***D. The parties conferred but did not resolve the dispute.***

Plaintiff requested withdrawal or suspension of the subpoena on July 17, 2026 and asked Defendant to propose any alternative. Defendant declined on July 20. On July 22, Plaintiff requested the telephone conference required by Local Civil Rule 37(E) and proposed July 23 or July 24. Defendant's counsel advised that he was unavailable on July 23 and requested Plaintiff's availability the following week. The parties conferred by telephone on July 27. During the call, Plaintiff asked whether Defendant's July 20 position remained unchanged and whether Defendant proposed any alternative.

Defendant maintained its position that it would not withdraw or suspend the subpoena and offered no narrowing or other alternative concerning the subpoena. The dispute therefore remains unresolved.

The conference occurred seven days before the commanded production date. Dark Wolf's ordinary Rule 45 objection period ran through July 30, only four days before compliance. Plaintiff does not contend that the eighteen-day compliance period, standing alone, necessarily denied Dark Wolf a reasonable time to comply. The sequence nevertheless left no realistic opportunity to complete the required conference and ordinary paper briefing before disclosure without expedited interim relief.

***E. Confidential handling does not resolve entitlement to the records.***

The parties have separately negotiated a confidentiality order. Plaintiff has cooperated in that process. But a protective order addresses handling after proper production; it does not make irrelevant or disproportionate material discoverable, validate a subpoena, or cure facial overbreadth. Rule 26 and Rule 45 still require a claim-or-defense nexus, proportionality, and reasonable tailoring before disclosure.

**LEGAL STANDARD**

Rule 26 limits discovery to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court must limit discovery when it can be obtained from another source that is more convenient, less burdensome, or less expensive, or when the burden outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C). For good cause, the Court may forbid discovery or prescribe its terms to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

Rule 45 requires the issuing attorney to take reasonable steps to avoid undue burden or expense and requires the compliance court to quash or modify a subpoena that imposes undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv). Plaintiff has standing because she possesses a personal right in her employment records. Singletary, 289 F.R.D. at 239-40. The subpoena commands compliance in Vienna, Virginia, so this Court is the court for the district where compliance is required.

Nonparty status receives special weight. *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189-90 (4th Cir. 2019). Courts consider privacy and confidentiality burdens, whether comparable information is available from a party or more logical source, and whether the subpoena improperly leaves the nonparty to perform the tailoring the requester should have done before service. Id.; *Trans Union, LLC v. Scroggins*, No. 3:24-mc-2-MHL-SLS, 2024 WL 4124681, at *4-*9 (E.D. Va. Sept. 9, 2024).

**ARGUMENT**

***I. PLAINTIFF HAS STANDING, AND THIS COURT MAY QUASH THE SUBPOENA OR ENTER A PROTECTIVE ORDER.***

*Singletary* squarely recognized an employee's personal right in records sought from former employers and entertained parallel relief under Rules 45 and 26. 289 F.R.D. at 239-40 & n.2. The subpoena seeks Plaintiff's personal employment information and commands compliance within

this District. Plaintiff therefore may seek both quashing under Rule 45 and protective relief under Rule 26(c).

## II. THE COMPLETE-PERSONNEL-FILE DEMAND IS FACIALLY OVERBROAD UNDER *SINGLETARY*.

The first demand seeks 'ALL personnel files' without a date limit or subject restriction. A personnel file is an administrative repository, not a relevant document category. It may include identity documents, tax and banking information, benefits and dependent information, medical or leave material, background information, evaluations, discipline, emergency contacts, acknowledgments, and internal administrative records unrelated to this lawsuit.

*Singletary* quashed subpoenas seeking complete former-employer files because they could disclose medical, Social Security, payroll, tax, family, and other information entirely extraneous to the litigation. 289 F.R.D. at 239-42. Defendant's whole-file demand is no narrower and should be quashed on its face.

## III. THE REMAINING CATEGORIES COMPOUND THE OVERBREADTH.

The subpoena additionally seeks approximately two years of source-level employment and compensation records and an unlimited category of every document sent to or received from Plaintiff "concerning Cyberdata." The communication category has no date range, custodian limitation, document-type limitation, or defined subject beyond the word "concerning." It can capture routine references, litigation-related communications, subpoena communications, internal administrative material, and documents unrelated to any pleaded issue.

The two-year source-record period is similarly untethered to a disclosed purpose. It begins in March 2023, nearly two years before Plaintiff's March 21, 2025 termination, and ends in March

2025. The subpoena does not explain why each month, each category, or the underlying source records are needed. It instead leaves Dark Wolf to collect broad swaths of private data and determine what might matter under the undefined phrase "concerning Cyberdata." Rule 45 does not permit Defendant to outsource its tailoring obligation to a nonparty.

## IV. DEFENDANT HAS NOT IDENTIFIED A PARTICULARIZED CLAIM-OR-DEFENSE NEXUS.

The Court should not supply a justification Defendant has not articulated. The subpoena does not identify the maintained claim, defense, denial, contention, or disputed fact to which any requested category relates. Defendant's correspondence does not say. Its answer to the interrogatory seeking the factual and evidentiary basis for each maintained position does not say. Ex. 2; Ex. 3, Def.'s Resp. to Interrog. No. 18.

Without an identified purpose, Plaintiff cannot know why each category is relevant, why the selected period is proportionate, or why complete source material is needed. The Court likewise cannot balance importance, likely benefit, burden, expense, privacy, and alternative sources as Rule 26 requires. A broad demand cannot be sustained merely because a search might uncover something useful.

Plaintiff does not argue that Defendant is forever barred from seeking any properly supported Dark Wolf information. She argues that Defendant must first identify the maintained claim or defense, the factual proposition to be established, the relevant period, and why a substantially less intrusive source is inadequate. That showing should precede—not follow—disclosure of private nonparty records.

### V. DEFENDANT BYPASSED MORE CONVENIENT AND LESS INTRUSIVE SOURCES.

If a limited fact concerning Plaintiff's Dark Wolf employment is relevant, Defendant could ask Plaintiff directly, take her sworn deposition testimony, request documents sufficient to establish that fact, or obtain a neutral employer certification. Cyberdata's own policies, communications, records, and witnesses are also the more logical source for issues concerning CyberData's conduct and defenses. Rule 26(b)(2)(C)(i) requires limitation where information can be obtained from a more convenient, less burdensome, or less expensive source.

### VI. A CONFIDENTIALITY ORDER DOES NOT CURE THE SUBPOENA.

Confidentiality and discoverability are different questions. A protective order may reduce the risk of public dissemination, but it does not create relevance, supply an unstated claim-or-defense nexus, eliminate nonparty collection burden, or convert an unlimited whole-file demand into proportional discovery. The subpoena must be narrowed before production, not merely stamped confidential afterward.

### VII. THE COURT SHOULD QUASH THE SUBPOENA RATHER THAN REWRITE IT FOR DEFENDANT.

The subpoena is a single compound command built around universal terms. Meaningful revision would require the Court to identify Defendant's intended theory, choose the facts and periods that matter, define responsive document types, create exclusions, and design privacy safeguards. That drafting responsibility belonged to Defendant before service.

The Fourth Circuit recognizes that a subpoena may be so sweepingly overbroad that quashing in full is appropriate. *Jordan*, 921 F.3d at 190 n.4. Scroggins quashed an entire subpoena where most categories lacked meaningful limits, alternative sources existed, and privacy and business interests

weighed against the request. 2024 WL 4124681, at *5-*9. *Singletary* likewise quashed employer subpoenas and required advance leave for any replacement. 289 F.R.D. at 242-43.

The same remedy is appropriate: quash the subpoena and require Defendant to seek leave before any replacement, supported by a particularized explanation and proposed language narrowly tailored to the actual issue.

### VIII. IF ANY RESPONSE IS PERMITTED, THE COURT SHOULD IMPOSE STRICT CONDITIONS.

If the Court declines to quash the subpoena in full, Plaintiff requests that Defendant first be required to identify:

1. the particular maintained claim, defense, or contention to which the proposed discovery relates;
2. the specific factual proposition the information is expected to establish;
3. the relevant and proportionate period;
4. why the information cannot be obtained through Plaintiff, Cyberdata's own records, or another more convenient source; and
5. why a neutral certification or documents sufficient to establish the identified fact would be inadequate.

Only after that showing should any response be permitted. Any response should be limited to a neutral certification or documents sufficient to establish only the facts the Court finds discoverable. It should exclude complete personnel files and underlying source-level payroll, timekeeping, tax, benefits, banking, medical, leave, background, performance, disciplinary, customer, project, and generalized communications records absent further order.

The unlimited Cyberdata-communications demand should be quashed. Any later communications request should identify a precise subject, date range, custodian, and claim-or-defense nexus. Personal identifiers, unrelated third-party information, and Dark Wolf's confidential business information should be redacted. Any permitted response should be delivered simultaneously to both parties and should not be reviewed or used until Plaintiff has received the complete authorized response and had a reasonable opportunity to assess it.

## IX. THE COURT SHOULD PRESERVE THE STATUS QUO AND EXPEDITE PAPER REVIEW.

Defendant provided Plaintiff notice on July 15, formally served Dark Wolf on July 16, and commanded production on August 3. Plaintiff promptly requested withdrawal or suspension on July 17. Defendant declined on July 20. Plaintiff requested a telephone conference on July 22 and proposed July 23 or July 24; defense counsel advised that he was unavailable on July 23 and requested the following week. The parties completed the required conference on July 27, leaving seven days before production. Dark Wolf's ordinary fourteen-day objection period ran through July 30, only four days before the commanded production.

Plaintiff does not contend that the eighteen-day period, viewed alone, necessarily violated Rule 45(d)(3)(A)(i). The problem is the combined sequence. Paragraph 15(e) of the Scheduling Order ordinarily allows Defendant seven days to oppose a nondispositive motion submitted on the papers and Plaintiff three days to reply. Dkt. No. 74. Ordinary briefing therefore cannot be completed before production. Without immediate relief, broad private records could be transmitted and reviewed before the Court determines whether Defendant is entitled to obtain them. Plaintiff requests an immediate interim order staying compliance, prohibiting receipt or use, requiring

sequestration of any material already transmitted, and establishing a shortened briefing schedule. The interim order would preserve the status quo only and would not prejudge the merits.

**CONCLUSION**

The subpoena demands sweeping private employment records from a nonparty without an articulated claim-or-defense nexus and without first establishing that narrower sources are inadequate. Plaintiff respectfully requests that the Court immediately stay compliance, quash the subpoena, require leave before any replacement, and decide the Motion on an expedited paper record. Alternatively, the Court should impose the strict limits requested above.

Respectfully submitted,

Trisha Baer
Pro Se Plaintiff
16366 Monroe St
Omaha, NE 68135
(531) 205-6550
Trisha.godlewski@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this Tuesday, July 28, 2026, a copy of the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION TO QUASH OR, ALTERNATIVELY, STRICTLY MODIFY DEFENDANT'S SUBPOENA TO DARK WOLF SOLUTIONS, LLC, FOR PROTECTIVE ORDER, AND TO TEMPORARILY STAY COMPLIANCE IMMEDIATE INTERIM RELIEF AND DECISION ON THE PAPERS REQUESTED was served via electronic mail upon the following counsel of record:

_____

Edward Tolchin

Offit Kurman, P.A.

etolchin@offitkurman.com

_____

_____

Trisha Baer
Pro Se Plaintiff
16366 Monroe St
Omaha, NE 68135
(531) 205-6550
Trisha.godlewski@gmail.com

CERTIFICATION PURSUANT TO LOCAL RULE 83.1(N)

I declare under penalty of perjury that:

(1) No attorney has prepared or assisted in the preparation of this document.

Trisha Baer
Pro Se Plaintiff
16366 Monroe St
Omaha, NE 68135
(531) 205-6550
Trisha.godlewski@gmail.com

Executed on:    July 28, 2026