**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

_____

TRISHA BAER                                      )
                                                 )
    Plaintiff                  )
                                                 )   Civil Case No. 1:25-cv-00774-PTG-LRV
        vs.   )
                                                 )
CYBERDATA TECHNOLOGIES, INC.)
                                                 )
    Defendant                  )
_____

**STIPULATION AND ORDER GOVERNING
THE PROTECTION AND EXCHANGE OF
CONFIDENTIAL MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, and subject to the approval of the Court, that the following stipulation and order (the "Stipulation") shall govern the handling of confidential and proprietary information produced by any party (the "Producing Party") during this litigation or appeals therefrom ("the litigation").

1.      In responding to a request for discovery, any Producing Party may designate as "Confidential" any documents, information or deposition testimony that it believes in good faith to contain confidential or proprietary information.  For purposes of this Stipulation, information considered to be confidential or proprietary includes, but is not limited to:  (1) personnel records, (2) business and marketing procedures, plans, and strategies, (3) customer lists and information, (4) financial and accounting information, (5) financial, commercial or other proprietary information not readily available to the general public (collectively "Confidential Material").  Confidential Material shall be used by the party to whom it is produced (the "Receiving Party") solely for purposes of the litigation and shall not be used for

any other purpose during or after the litigation, nor shall it be disclosed to any third parties, except as set forth in this Stipulation.

2.      If the Receiving Party has an objection to a Confidential designation, the Receiving Party shall notify the Producing Party of its objection.  The notification must be in writing and must detail the basis for such objection.  After receiving the notification, if the Producing Party continues to believe that the information and/or documents should be designated Confidential, the Producing Party shall notify the Receiving Party and the Receiving Party, within 14 days of receiving the notification, may apply to the Court for an order removing the Confidential designation of the material.  The information and/or documents shall be treated as Confidential Material pending a decision by the Court.

3.      Confidential Material may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the litigation:

(a)      outside counsel or in-house counsel who represent parties in the litigation, and employees of counsel assisting in the conduct thereof for use in accordance with this Stipulation;

(b)      parties, including officers, directors, partners or employees of any party hereto who are performing duties in connection with the litigation;

(c)      experts or consultants assisting counsel for those parties, pursuant to paragraphs 5, 6, and 7 of this Stipulation;

(d)      potential witnesses or deponents, pursuant to paragraphs 5, 6, and 7 of this Stipulation;

2

(e)      the Court, pursuant to paragraph 6 of this Stipulation; and

(f)      court reporters employed in connection with the litigation.

4.      Any person may be examined as a witness at trial or during a deposition concerning any Confidential Material, subject to compliance with paragraphs 5 and 7 herein.

5.      Before the Receiving Party or its counsel may show or disclose Confidential Material to any witness, expert or consultant, that witness, expert or consultant shall be advised that the Confidential Material is subject to this Stipulation and may not be disclosed other than pursuant to the terms of this Stipulation, and the person must agree in writing to be bound by the terms of this Stipulation.  Any disclosure of Confidential Material to witnesses, experts and/or consultants must be necessary in the conduct of the litigation.

6.      Any party seeking to file Confidential Material with the Court shall comply with Local Civil Rule 5 and applicable Court orders in order to file the documents under seal. A Confidential designation alone does not authorize filing under seal.

7.      If any party wishes to use Confidential Material during trial of this action, the parties will, before trial, confer in good faith to attempt to agree upon a method to protect such Confidential Material.  If the parties are unable to reach agreement, the party opposing the use of such Confidential Material may seek a Court Order protecting such Confidential Material during trial.  The parties agree to abide by the terms of this Stipulation pending resolution by the Court of any such dispute.

8.      Entering into, agreeing to, producing or receiving Confidential Material under, or otherwise complying with this Stipulation shall not be construed as a waiver of any party's rights:

(a)    to object to the production of documents that they consider not subject to discovery, including objecting on the basis of confidentiality or privilege;

(b)    to petition the Court for a further protective order relating to any Confidential Material;

(c)    to seek a Court determination whether any documents or testimony constitute Confidential Material under the terms of this Stipulation; or

(d)    to object to the introduction of any Confidential Material as evidence at any hearing or trial in this matter.

Nothing in this Stipulation or Order authorizes or validates any discovery request or subpoena, or waives any objection to relevance, proportionality, discoverability, scope, or enforceability. The Stipulation and Order govern only the handling of material otherwise properly produced.

9.    The parties to this Stipulation may agree to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

10.    The inadvertent failure to designate a document as "Confidential" at the time of disclosure shall not be deemed a waiver of the Producing Party's claim of confidentiality. The Producing Party may cure such an inadvertent failure upon written notice to the other party.

11.    The parties agree to be bound by the terms of this Stipulation pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of the Stipulation's terms shall be subject to the same sanctions and penalties as if the Stipulation had been entered by the Court.

4

12.     If a Receiving Party is served with a demand, subpoena, or other legal process in any other action that seeks discovery material which was produced or designated as "Confidential" by the Producing Party, the Receiving Party shall promptly notify the Producing Party in writing and reasonably cooperate to permit the Producing Party to seek protection, but shall not be required to incur expense or file an objection or motion.

13.     Within thirty (30) days after the termination of this action, including all appeals, the Receiving Parties shall upon request either return the Confidential Material and all copies to counsel for the Producing Party or the pro se Producing Party and certify in writing to the other party or counsel that such documents have been destroyed.  The parties shall make reasonable efforts so that all experts and consultants it has retained abide by this provision.

14.     Third parties producing documents in this matter may join in this Stipulated Protective Order as a Producing Party under this Stipulated Protective Order by consenting to its terms and providing the consent document to the Receiving Party.

OFFIT KURMAN, PA

By:

s/Edward J. Tolchin
Edward J. Tolchin
7501 Wisconsin Ave.
Suite 1000W
Bethesda, MD 20814
240-507-1769
240-507-1735 (facsimile)
etolchin@offitkurman.com
Attorneys for Defendant

By:

Trisha Baer
16366 Monroe St
Omaha, Nebraska 68135
Trisha.godlewski@gmail.com

SO ORDERED:
Lindsey R. Vaala
Lindsey Robinson Vaala
United States Magistrate Judge

ENTERED this 31st day of July, 2026
Alexandria, Virginia