| | | |
|---|---|---|
| TRISHA BAER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-774-PTG-LRV |
| | ) | |
| CYBERDATA TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

This matter comes before the Court on Plaintiff's *pro se* Expedited Motion to Quash or, Alternatively, Strictly Modify Defendant's Subpoena to Dark Wolf Solutions, LLC ("Dark Wolf"), for Protective Order, and to Temporarily Stay Compliance Immediate Interim Relief and Decision on the Papers Requested (Dkt. No. 81) (the "Motion to Quash"), the memoranda in support thereof (Dkt. No. 82), in opposition thereto (Dkt. No. 89), and the related exhibits (Dkt. Nos. 81-1–81-3). Plaintiff waived a hearing on the Motion to Quash (Dkt. No. 83) and the Court finds that a hearing would not aid the decisional process (*see* E.D.Va. L. Civ. R. 7(J)).

The subpoena at issue, dated July 15, 2026, is addressed to nonparty Dark Wolf Solutions, LLC ("Dark Wolf"), requesting certain documents be produced by August 3, 2026. (Dkt. No. 81-1 (the "Subpoena").) Specifically, the Subpoena requests that Dark Wolf "[p]roduce ALL personnel files of Trisha Baer (aka Trisha Godlewski) (hereinafter 'Baer'), all timesheets for Baer for the period March 2023 to March 2025, all paycheck information for Baer for the period March 2023 to March 2025, and all documentation sent to or received from Baer concerning CyberData Technologies, Inc." (*Id.*) Dark Wolf previously employed Plaintiff. (*See* Dkt. No. 89 at 2.) Plaintiff asks that the Subpoena against her former employer be quashed because it seeks non-

1

discoverable information and is overly broad.  (Dkt. No. 82.)  In response, Defendant argues that the "subpoenaed materials have a direct nexus to what will be CyberData's defenses: Baer was not terminated in retaliation for anything" and was instead terminated for cause because of her poor performance, and that poor performance likely resulted from her working two full-time jobs concurrently for CyberData and Dark Wolf, without disclosing to either employer that she was doing so.[1]  (Dkt. No. 89 at 2, 7.)  Plaintiff's Second Amended Complaint asserts claims for breach of contract, fraud, retaliation, violation of the Virginia Wage and Payment Act, and wrongful discharge (see Dkt. No. 60.), tAND he Court finds that the subpoenaed materials are relevant to her claims and Defendant's defenses thereto.

Additionally, the Court finds that the scope of the subpoena is not overly broad. Particularly not where Dark Wolf has already informed Defendant that "that are only 10 documents which are subject to the subpoena and Dark Wolf will be producing, [Dark Wolf] is ready to produce them, the materials will have no confidential information, and they will be placed under a protective order in any event."  (Dkt. No. 89 at 2–3.)

Upon consideration of the briefing and the full record, for the reasons set forth herein, it is hereby

ORDERED that the Motion to Quash (Dkt. No. 81) is DENIED.

*Lindsey R. Vaala*
Lindsey R. Vaala
United States Magistrate Judge

ENTERED this 31st day of July, 2026.

Alexandria, Virginia

---

[1] "Our investigation of Baer's claims recently found that, while CyberData employed Baer in a full time, salaried position as a remote employee, Baer had a second full time salaried position with Dark Wolf Solutions, LLC, the subpoenaed party, doing largely the same type of technical work for Dark Wolf's government clients. Baer did not advise CyberData of her full time employment at Dark Wolf, and did not advise Dark Wolf of her full time employment at CyberData."  (Dkt. No. 89 at 2.)